FILED
United States Court of Appeals
Tenth Circuit

April 13, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RITA ANN HUMPHREY,

      Petitioner-Appellant,

v.

DAN SHANNON, Warden, Wyoming
Department of Corrections Women's
Center; BRUCE SALZBURG,
Attorney General, State of Wyoming,

      Respondents-Appellees.

No. 11-8003
(D.C. No. 2:09-CV-00215-CAB)
(D. Wyo.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **LUCERO**, **GORSUCH**, and **MATHESON**, Circuit Judges.

In 1980, Rita Ann Humphrey was indicted for murdering her husband.
Later that year, a Wyoming state court found the charge lacked probable cause
and dismissed the case. Then, in 2004, Ms. Humphrey was charged for the crime
once again. This time the case went to trial where she was convicted and
sentenced to 25 years in prison. Ms. Humphrey appealed but the Wyoming
Supreme Court ultimately affirmed her conviction. *Humphrey v. State*, 185 P.3d

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

1236, 1252 (Wyo. 2008). After that, Ms. Humphrey turned her attention to federal court, filing a motion for relief under 28 U.S.C. § 2254. The district court, however, rejected the motion and denied her application for a certificate of appealability ("COA"). So it is that Ms. Humphrey now appears before us to renew her request for a COA.

We may, of course, grant a COA only if Ms. Humphrey makes a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Miller–El v. Cockrell*, 537 U.S. 322, 338 (2003) (internal quotation omitted). And, where a claim "was adjudicated on the merits in State court proceedings," we may grant habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Before us, as before the district court, Ms. Humphrey seeks a COA to pursue two arguments. First, she argues that the government violated her Sixth Amendment right to a speedy trial by allowing 561 days to elapse between charging her and bringing her to trial. Second, she argues that the 24 years

between the first and second times she was charged substantially prejudiced her defense and so violated the due process clause of the Fourteenth Amendment.

The Wyoming Supreme Court discussed and rejected both of these arguments in Ms. Humphrey's direct appeal. As for the first, it applied the four factor balancing test announced in *Barker v. Wingo*, 407 U.S. 514 (1972), and held that Ms. Humphrey's speedy trial claim failed for lack of prejudice. All of the supposed setbacks to her defense, the Court noted, were due to the 24 years that elapsed between prosecutions, not to the 561 days between charging and trial. And, of course, the speedy trial guarantee only applies while charges are pending, not during intervening periods of time when charges have been dismissed. *See Humphrey*, 185 P.3d at 1246, *citing United States v. MacDonald*, 456 U.S. 1, 8-9 (1982). As for the second, the Court held that a pre-charging delay may constitute a due process violation only if the defendant shows that the prosecutor intentionally stalled to gain a tactical advantage or due to some other improper motive. *See Humphrey*, 185 P.3d at 1247, *citing United States v. Marion*, 404 U.S. 307, 323-26 (1971). And, the Court noted, Ms. Humphrey had failed to bring any evidence to this effect.

Our review of the record suggests no basis on which we might hold the Wyoming Supreme Court's resolution of Ms. Humphrey's arguments runs afoul of § 2254(d). The Court's decisions are not contrary to or an unreasonable application of federal law. Neither do they rest on an unreasonable determination

of the facts.  The request for a COA is therefore denied and this appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge